UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MIMI MAI,<br><br>Defendant | Criminal No. 22-CR-300 02 -MGM<br><br>Violations:<br><br>Count One: Interstate Transportation of Stolen Goods; Aiding and Abetting (18 U.S.C. §§ 2314 and 2)<br><br>Counts Two through Five: Money Laundering; Aiding and Abetting (18 U.S.C. §§ 1956(a)(1)(A)(i) and 2)<br><br>Counts Six and Seven: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; Aiding and Abetting (18 U.S.C. §§ 1957 and 2)<br><br>Forfeiture Allegation: (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461)<br><br>Money Laundering Forfeiture Allegation: (18 U.S.C. § 982(a)(1)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant MIMI MAI ("MAI"), a Massachusetts resident, owned and operated EZ Exchange, a pawn shop located in Holyoke, Massachusetts.

2. Between at least in or about January 2018 through in or about April 2021, at EZ Exchange, MAI purchased stolen goods at prices substantially below retail price from individuals she knew were engaged in unlawful shoplifting from various stores. The individuals were

commonly known as "boosters." The boosters stole these goods from several stores, including but not limited to Home Depot, Target, CVS, and Stop & Shop.

3. MAI knew the goods were stolen when she purchased them from the boosters.

4. The boosters stole and sold to MAI at EZ Exchange various new goods including but not limited to power tools, electronic devices, sunglasses, beauty and personal care products, and other household items. MAI often purchased stolen goods from the boosters that still had the stores' anti-theft devices attached to the packaging.

5. Once MAI purchased the stolen goods from the boosters, she sold the goods on eBay at prices that were well below retail prices, but well above the amounts MAI had paid the boosters for the stolen goods.

6. Between at least in or about January 2018 through in or about April 2021, at least approximately 93 percent of MAI's sales on eBay were of goods listed as "new." During that period, MAI's revenue from "new" goods she sold on eBay totaled over $2.1 million.

7. Proceeds from MAI's eBay sales were deposited into MAI's bank accounts at Bank of America: account number x-5770, held in the name of "Mimi Mai", and account number x-0669, held in the name of "DBA EZ Exchange Mimi Mai Sole Prop." MAI frequently withdrew cash from those accounts, which she used to pay the boosters for additional stolen goods.

8. Once MAI made sales on eBay, she shipped the goods to the buyers outside of Massachusetts.

9. Between 2018 and 2019, MAI funded the purchase of two properties in Windermere and Orlando, Florida with the proceeds of her sales of stolen goods on eBay.

## COUNT ONE

Interstate Transportation of Stolen Goods; Aiding and Abetting
(18 U.S.C. §§ 2314 and 2)

The Grand Jury charges:

10. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9 of this Indictment.

11. From in or about January 2018 through in or about April 2021, in the District of Massachusetts and elsewhere, the defendant,

MIMI MAI,

transported, transmitted, and transferred in interstate and foreign commerce goods, wares, merchandise, securities, and money, of the value of $5,000 or more, that is, power tools, electronic devices, sunglasses, beauty and personal care products, and other household items, knowing the same to have been stolen, converted, and taken by fraud.

All in violation of Title 18, United States Code, Sections 2314 and 2.

COUNTS TWO THROUGH FIVE
Money Laundering; Aiding and Abetting
(18 U.S.C. §§ 1956(a)(1)(A)(i) and 2)

The Grand Jury further charges:

12. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9 of this Indictment.

13. On or about the following dates, in the District of Massachusetts and elsewhere, the defendant,

MIMI MAI,

conducted and attempted to conduct financial transactions, to wit, cash withdrawals and payments to individuals who sold stolen goods to the EZ Exchange pawn shop in Holyoke, Massachusetts, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314, as charged in Count One, with the intent to promote the carrying on of the specified unlawful activity, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 2 | 02-06-2018 | $7,000 cash withdrawal from Bank of America account number x-5770 |
| 3 | 10-16-2019 | $7,000 cash withdrawal from Bank of America account number x-5770 |
| 4 | 12-21-2020 | $8,000 cash withdrawal from Bank of America account number x-0669 |
| 5 | 03-16-2021 | $8,000 cash withdrawal from Bank of America account number x-0669 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

COUNTS SIX THROUGH SEVEN
Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity;
Aiding and Abetting
(18 U.S.C. §§ 1957 and 2)

The Grand Jury further charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 9 of this Indictment.

15. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

MIMI MAI,

knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000, that is, the transfer of funds to purchase real property in Florida, where such property was derived from specified unlawful activity, that is, the interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314, as charged in Count One, as set forth below:

| Count | Approximate Date | Description |
|---|---|---|
| 6 | 11-15-2018 | $20,000 wire from Bank of America account number x-5770 to Prominence Title Corp., with note, "4442 Begonia Ct Windermere Fl// 34786", to fund the purchase of 4442 Begonia Court, Windermere, Florida |
| 7 | 01-03-2019 | $103,457.64 wire from Bank of America account number x-0669 to MidFlorida Credit Union account number x-0000, to fund the purchase of 4442 Begonia Court, Windermere, Florida |

All in violation of Title 18, United States Code, Sections 1957 and 2.

FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 2314, set forth in Count One, the defendant,

MIMI MAI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following assets:

a. The real property located at 4442 Begonia Court, Windemere, Florida, more particularly described in the Florida Quitclaim Deed recorded on January 4, 2019, at Book 34, Page 128 and 129, and further bounded and described Lot 27, of Magnolia Park of Windermere, according to the Plat thereof as recorded in Plat Book 34, Pages 128 and 129, inclusive, of the Public Records of Orange County, Florida;

b. $756.44 seized on April 15, 2021 from PayPal account number x0379 held in the name of Mimi Mai;

c. $1,745.49 seized on April 15, 2021 from Bank of America checking account number x5770 held in the name of Mimi Mai;

d. $2,288.76 seized on April 15, 2021 from Bank of America eBanking account number x8091 held in the name of Mimi Mai;

e. $1,064.32 seized on April 15, 2021 from Bank of America savings account number x1224 held in the name of Mimi Mai;

f. $2,976.62 seized on April 15, 2021 from Bank of America checking account number x0669 held in the name of Mimi Mai Sole Prop. DBA EZ Exchange;

g. $135,474.50 seized in place on April 15, 2021 from TD Ameritrade in account number x0264 held in the name of Mimi Mai;

h. $60,274.76 portfolio and $30,162.49 cryptocurrency seized in place on April 15, 2021 from Robinhood in account number x1399 held in the name of Mimi Mai.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further finds:

1. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1956 and 1957, set forth in Counts Two through Seven, the defendant,

MIMI MAI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offenses, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

a. The real property located at 4442 Begonia Court, Windemere, Florida, more particularly described in the Florida Quitclaim Deed recorded on January 4, 2019, at Book 34, Page 128 and 129, and further bounded and described Lot 27, of Magnolia Park of Windermere, according to the Plat thereof as recorded in Plat Book 34, Pages 128 and 129, inclusive, of the Public Records of Orange County, Florida.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendant --

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

FOREPERSON

DEEPIKA BAINS SHUKLA
CATHERINE CURLEY
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

District of Massachusetts: February 17, 2022 at 11:57 a.m.
Returned into the District Court by the Grand Jurors and filed.

Melissa M. Rivera
DEPUTY CLERK